

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **WESLEY ASHLEY PACE** | **CIVIL ACTION NO. 1:07-cv-00335** |
| -vs- | **JUDGE DRELL** |
| **ARMTECH INSURANCE SERVICES, ET AL.** | **MAGISTRATE JUDGE KIRK** |

### RULING

Before the Court is a motion for summary judgment filed by Defendant, The Kirksey Agency, Inc. (Document No. 20.) The motion is unopposed. For the reasons set forth herein, Defendant's motion for summary judgment will be granted, such that Plaintiff's claims against The Kirksey Agency, Inc. will be dismissed with prejudice.

Background

On January 10, 2007, Plaintiff Wesley Pace, a farmer in Natchitoches Parish, Louisiana, instituted litigation in the Tenth Judicial District Court against ARMtech Insurance Services, Inc. ("ARMtech"), a Texas corporation with its principal place of business in Lubbock, Texas, and The Kirksey Agency, Inc. ("Kirksey"), a Louisiana corporation with its principal place of business in Ouachita Parish. ARMtech removed the matter to this Court on February 22, 2007 on the basis of diversity jurisdiction under 28 U.S.C. § 1332 and alleged Kirksey

had been improperly joined. (Document No. 1.) By Agreed Order dated June 18, 2007, this Court granted ARMtech's motion to compel arbitration and stayed the case pending resolution of the arbitration process. (Document No. 15.) The case has been administratively reopened, and the stay lifted, for the limited purpose of adjudicating the pending motion for summary judgment. (Document Nos. 18 and 19.)

In his petition, Mr. Pace alleges Kirksey is a professional insurance corporation "engaged in the sale and/or brokering of insurance policies . . . ." (Document No. 1-1.) Plaintiff further claims Kirksey "issued and sold" Mr. Pace a crop insurance policy with ARMtech, bearing policy number 2005-LA-601-904811, which policy covered the loss and/or non-production of acreage used for corn and soybeans in Natchitoches Parish. Additionally, Mr. Pace contends after he reported to Kirksey what he considered to be a loss under the policy in September 2005, Kirksey "forwarded that loss properly to defendant" ARMtech. However, Plaintiff complains ARMtech has failed to pay for the damage to Plaintiff's crops despite receiving sufficient proof of loss, has failed to adjust the claim in a timely manner, and has breached its duty of good faith and fair dealing. If a determination of no coverage is made under the policy, Mr. Pace seeks a judgment against ARMtech and Kirksey,

> for the full value of the loss, including all consequential damages resulting from the loss of crops located in Natchitoches Parish, Louisiana, said liability resulting from defendants [sic] breach of

> contract with petitioner here and/or negligence and failing to obtain the insurance coverage petitioner requested.

(Document No. 1-1.)

Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), the Court will grant a party's motion for summary judgment only if:

> the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). In conducting this analysis, the Court must construe "all of the evidence and all of the factual inferences from the evidence . . . in a light most favorable to the party opposing the motion." Kling Realty Co., Inc. v. Chevron USA, Inc., 575 F.3d 510, 517 (5th Cir. 2009). Any doubts are likewise resolved in favor of the nonmoving party. U.S. ex rel. Longhi v. United States, 575 F.3d 458, 465 (5th Cir. 2009). Once the party seeking summary judgment has directed the Court's attention to portions of the record which reflect an absence of a genuine issue of material fact, the nonmoving party bears the burden of demonstrating that a genuine issue of material fact exists. United States v. $ 92,203.00 in U.S. Currency, 537 F.3d 504, 506-07 (5th Cir. 2008). "However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a

motion for summary judgment." <u>Eason v. Thaler</u>, 73 F.3d 1322, 1325 (5th Cir. 1996).

<u>Analysis</u>

As noted above, Plaintiff admits in his petition that Kirksey procured the requested crop insurance policy and properly reported the loss. In support of its motion for summary judgment, Kirksey provides documentation that it notified ARMtech of Plaintiff's wind damage claim on September 27, 2005. (Document No. 20, Exhibit B.) Plaintiff has presented no countervailing proof and has not opposed Kirksey's motion for summary judgment. Thus, the evidence establishes no basis of liability for breach of contract or negligence against Kirksey.

<u>Conclusion</u>

For the foregoing reasons, Kirksey's motion for summary judgment (Document No. 20) will be GRANTED, and Plaintiff's claims against The Kirksey Agency, Inc. will be DISMISSED WITH PREJUDICE.

SIGNED on this 30 day of March, 2010, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE